UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING FIREMEN'S RELIEF & RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, et al.,<br><br>Defendants. | Case No. 17-cv-05558-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 23, 59, 87, 97, 102 |

Pending before the Court are administrative motions to seal various documents filed by Defendant Uber Technologies ("Uber") and Plaintiff Irving Firemen's Relief and Retirement Fund's ("Irving") pursuant to Civil Local Rule 79-5. Dkt. Nos. 23, 59, 87, 97, 102. The Court **GRANTS** the parties' motions.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178-79 (quotation omitted). "In general, 'compelling reasons' sufficient to outweigh the public's

1 interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

The Court must "balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* Civil Local Rule 79-5 supplements the compelling reasons standard set forth in *Kamakana*: the party seeking to file a document or portions of it under seal must "establish[] that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . The request must be narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b).

Records attached to nondispositive motions, however, are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because such records "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (quotation omitted). This requires only a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

**II. DISCUSSION**

Several of the documents and portions of documents sought to be sealed pertain to Uber's motion to dismiss. *See* Dkt. Nos. 23, 59, 97, 102. These documents are more than tangentially related to the underlying cause of action, and the Court therefore applies the "compelling reasons"

1  standard to evaluate them.  In addition, Uber seeks to seal much of the same information in

2  relation to its motion to stay and/or bifurcate discovery.  Dkt. No. 38.  Because that motion is not

3  dispositive of this case, the Court applies the lower "good cause" standard to evaluate this sealing

4  request.

5        Uber and the designating entities, non-parties New Riders LP ("New Riders") and Morgan

6  Stanley Investment Management Inc. ("Morgan Stanley"), have provided a compelling interest in

7  sealing portions of these documents, elaborated in the table below, which contain confidential

8  business information relating to New Riders and Morgan Stanley's confidential partnership

9  agreements.  *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL

10  6115623 (N.D. Cal. Dec. 10, 2012); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC),

11  2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (observing that courts "regularly find that

12  litigants may file under seal contracts with third parties that contain proprietary and confidential

13  business information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL

14  5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details

15  of confidential licensing negotiations, and business strategies" containing "confidential business

16  information" satisfied the "compelling reasons" standard in part because sealing that information

17  "prevent[ed] competitors from gaining insight into the parties' business model and strategy").

18  New Riders and Morgan Stanley submitted several detailed statements of support for Uber's

19  sealing motions explaining why the underlying documents are not public, confidential, and contain

20  sensitive business information.  *See* Dkt. Nos. 36, 67 ("Gernon Decl."), 68, 74, 100, 106.

21        Plaintiff filed oppositions to Uber's sealing requests and the non-parties' statements of

22  support, arguing that the non-parties' claims of competitive harm are not sufficiently compelling.

23  *See* Dkt. Nos. 38, 69, 93, 107.  The Court disagrees.  The information sought to be sealed is

24  disseminated only to certain investors with access to the "non-public offering of limited

25  partnership interests. . . pursuant to exemptions from the requirements for public offerings under

26  the Securities Act of 1933 and similar exemptions under the laws of other jurisdictions." *See*

27  Gernon Decl. ¶¶ 3, 7.  Morgan Stanley, the issuer of these documents, "will likely continue to

28  offer limited partnership interests similar to those offered by New Riders LP, and those

competitors would likely be interested in the confidential, non-public information contained in the Confidential Limited Partnership Materials." *Id.* ¶ 10. Furthermore, even if Plaintiff is correct that New Riders and Morgan Stanley may not suffer "competitive harm," disclosure of these confidential documents would harm the interests of the non-parties as investments entities and "the third-party interests of New Riders LP's limited partners, who acquired their limited partnership interests with an expectation of confidentiality and whose investment information Plaintiff argues should now be publicly disclosed." *See* Dkt. No. 74 at 2.

The various documents and portions of documents are sought to be sealed as follows:

| Docket Number Public/Sealed | Document | Portion(s) Sought to be Sealed | Ruling |
|---|---|---|---|
| 23-3/23-4 | Uber's Motion to Dismiss | Highlighted portions of: page 1, lines 24 to 26; page 2, lines 9 to 11; page 5, lines 10 to 25, 27 to 28; page 8, lines 15 to 25, 28 | GRANTED |
| **No Public Version Filed**/23-5 | Request for Judicial Notice, Ex. 70 | Entire Document | GRANTED |
| **No Public Version Filed**/23-6 | Request for Judicial Notice, Ex. 71 | Entire Document | GRANTED |
| **No Public Version Filed**/23-7 | Request for Judicial Notice, Ex. 72 | Entire Document | GRANTED |
| 59-3/59-4 | Uber's Motion to Dismiss Plaintiff's First Amended Complaint | Highlighted portions of: page 2 line 21 to page 3 line 7; page 3, footnote 2; page 6 lines 6 to 15 and footnote 3; page 15 lines 21 to 22; page 16 lines 7 to 10 | GRANTED |
| 59-5/59-6 | Uber's Motion to Stay and, if Necessary, Bifurcate Discovery | Highlighted portions of: page 16 lines 5 to 6 and 23 to 25 | GRANTED |
| **No Public Version Filed**/59-7 | Request for Judicial Notice, Ex. 75 | Entire Document | GRANTED |
| **No Public Version Filed**/59-8 | Request for Judicial Notice, Ex. 76 | Entire Document | GRANTED |
| **No Public Version Filed**/59-9 | Request for Judicial Notice, Ex. 77 | Entire Document | GRANTED |
| 87-3/ 87-4 | Uber's Reply in Support of Its Motion to Stay and, if Necessary, Bifurcate Discovery | Highlighted portions of: page 12, line 9 to line 10 | GRANTED |
| 97-3/97-4 | Plaintiff's Omnibus Opposition to Defendants' Motions | Highlighted portions of: page 10, lines 24 to 26; page 10, line 27 to page 11, line 2; page 13, | GRANTED |

4

| | | | |
|---|---|---|---|
| | to Dismiss the First Amended Complaint | lines 16 to 19; page 13, line 21 to page 14, line 2; and page 17, footnote 7 | |
| 102-3/102-4 | Uber's Reply in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint | Highlighted portions of: page 1, lines 24 to 27, footnote 1; page 2, lines 1 to 4; and page 12, lines 4 to 5 | GRANTED |

## III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Dkt. Nos. 23, 59, 87, 97, 102. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 8/31/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge