UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVING FIREMEN'S RELIEF & RETIREMENT FUND,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, et al.,<br><br>Defendants. | Case No. 17-cv-05558-HSG<br><br>**ORDER ON ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 134, 140, 149, 159 |

Pending before the Court are administrative motions to seal portions of several documents filed by Defendant Uber Technologies ("Uber") and Plaintiff Irving Firemen's Relief and Retirement Fund ("Irving"). Dkt. Nos. 134, 140, 149, 159. Having carefully considered the pending motions and supporting declarations, the Court **GRANTS** the parties' motions.

## I.   LEGAL STANDARD

For motions to seal that comply with the local rules, courts generally apply a "compelling reasons" standard. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677–78 (9th Cir. 2010). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotation marks and citation omitted). To overcome this strong presumption, the moving party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id*. at 1178–79 (citations, quotation marks, and alterations omitted). "In general, compelling reasons sufficient to outweigh the public's interest in disclosure

and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation marks and citation omitted). The Court must:

> balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the Court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* (citations, brackets, and quotation marks omitted).

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Finally, records attached to motions that are only "tangentially related to the merits of a case" are not subject to the strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

//

//

## II. DISCUSSION

All portions sought to be sealed pertain to Irving's second amended complaint, Uber's motion to dismiss the operative complaint, and related briefing. Dkt. Nos. 134, 140, 149, 159. Because these documents do not qualify as nondispositive motions, the Court applies the "compelling reasons" standard.

The current sealing requests are materially identical to prior sealing requests, which this Court granted. *See* Dkt. No. 128. In all instances, the excerpts sought to be sealed contain information disseminated only to certain investors with access to the "non-public offering of limited partnership interests . . . pursuant to exemptions from the requirements for public offerings under the Securities Act of 1933 and similar exemptions under the laws of other jurisdictions." *Compare* Dkt. No. 67 ¶ 7, *with* Dkt. No. 138 ¶ 7. And as the Court previously explained, the relevant designating entities have "provided a compelling interest in sealing portions of these documents . . . which contain confidential business information relating to New Riders and Morgan Stanley's confidential partnership agreements." Dkt. No. 128 at 3 (citing *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 6115623 (N.D. Cal. Dec. 10, 2012); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015) (observing that courts "regularly find that litigants may file under seal contracts with third parties that contain proprietary and confidential business information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (finding that "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" containing "confidential business information" satisfied the "compelling reasons" standard in part because sealing that information "prevent[ed] competitors from gaining insight into the parties' business model and strategy")). So too here. *See* Dkt. Nos. 136, 137, 138, 146, 153, 162. And the Court sees no reason why it should here find that information it previously deemed sealable no longer meets the "compelling reasons" standard. Nor has any party opposed the pending sealing requests on new grounds. *Cf.* Dkt. Nos. 38, 69, 93, 107 (Irving's oppositions to prior sealing requests).

The Court accordingly finds that the parties have met the standard to warrant sealing

relevant portions of Irving's operative complaint, Uber's motion to dismiss, and related briefings.

**III. CONCLUSION**

The Court **GRANTS** the pending administrative sealing motions. Dkt. Nos. 134, 140, 149, 159. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal. The public will have access only to the redacted versions accompanying the administrative motions.

**IT IS SO ORDERED.**

Dated: 7/30/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge